**REISSUED FOR PUBLICATION**
MAR 15 2022
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-154V

| | |
|---|---|
| ERIK AND LISA LINDHOLM, *on behalf of* K.E.L., | **UNPUBLISHED** |
| Petitioners, | Special Master Katherine E. Oler |
| v. | Filed: December 2, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs |
| Respondent. | |

*Erik Lindholm and Lisa Lindholm*, pro se
*Mollie D. Gorney*, U.S. Department of Justice, Washington, DC, for Respondent

*Robert D. Trzynka*, former counsel of Petitioners, Hovland, Rasmus, Brendtro, & Trzynka, Sioux Falls, SD

## **DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On February 1, 2017, Erik and Lisa Lindholm ("Petitioners") filed a petition for compensation under the National Vaccine Injury Program[2] on behalf of their child, K.E.L., alleging that he suffered from injuries, including epileptic spasms, global developmental delay,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 24 (2012) ("Vaccine Act" or "the Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and acquired microcephaly, as a result of the DTaP vaccination he received on February 26, 2014. Pet. at 1, ECF No. 1.

On December 4, 2018, Petitioners filed their first motion for interim attorneys' fees and costs requesting a total of $63,674.08. *See* Fees App., ECF No. 36. I issued a decision awarding Petitioners' former counsel, $52,978.60. ECF No. 47.

On April 19, 2021, Petitioners filed their second motion for interim attorneys' fees and costs requesting a total of $25,412.10. Second Fees App., ECF No. 62. Respondent filed a response on April 23, 2021. Second Fees Resp., ECF No. 63. Respondent states, "Should the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case, respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 5.

For the reasons discussed below, I hereby **GRANT** Petitioners' application and award a total of **$25,412.10** in interim attorneys' fees and costs.

## I. Procedural History

The petition was filed on February 1, 2017. ECF No. 1. Respondent submitted a Rule 4(c) Report on May 25, 2017, stating Petitioners "do not qualify for an award of compensation under the Vaccine Act." Resp't's Rep. at 1, ECF No. 17. Specifically, Respondent stated K.E.L.'s contemporaneous medical records do no support Petitioner's claim that he suffered a Table encephalopathy following his February 26, 2014 Pediarix vaccination. *Id.* at 7.

This case was re-assigned to my docket on December 6, 2017. ECF No. 27.

On February 19, 2018, Petitioners filed an expert report from Dr. L. Douglas Wilkerson. ECF No. 32. On May 29, 2018, Respondent filed an expert report from Dr. Michael Kohrman. Ex. A, ECF No. 24.

On December 4, 2018, Petitioners filed their first motion for interim fees. ECF No. 36. On May 23, 2019, Mr. Robert Trzynka filed a consented motion to substitute for Ms. Sharla Svennes, Petitioners' counsel. ECF No. 39. Petitioners filed supplemental information for their first motion for interim fees on July 15, 2019. ECF Nos. 42-43. I issued a decision granting in part Petitioners' first motion for interim fees on February 3, 2020. ECF No. 47.

Petitioners filed a second expert report from Dr. Wilkerson on February 20, 2020. ECF No. 49. Respondent filed a second report from Dr. Kohrman on June 22, 2020. Ex. C, ECF No. 53.

On August 21, 2020, Petitioners filed a status report indicating they would like to file an expert report. ECF No. 54. Petitioners filed multiple motions for an extension. *See* ECF Nos. 55-58. On March 5, 2021, Mr. Trzynka filed a motion to withdraw as attorney for Petitioners. ECF No. 59. Petitioners filed a second motion for interim fees on April 19, 2021. ECF No. 62. I granted Mr. Trzynka's motion to withdraw on October 14, 2021. ECF No. 66.

## II.     Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B.  Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007*).* Without evidence of bad

faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors.  The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

### III. Discussion

#### A. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Second Fees Resp. As discussed in my previous decision, I find that this case was filed in good faith and with reasonable basis.

Petitioners have filed extensive medical records totaling hundreds of pages in this case. *See* Exs. 2, 3, 6-13, 15, 16, 25, 26, 29. Petitioners have also submitted two expert reports from Dr. L. Douglas Wilkerson, an adolescent and pediatric neurologist, who has offered a theory of causation. *See* ECF Nos. 32, 49. I find that Petitioners had a reasonable basis to file their claim.

Mr. Trzynka, Petitioners' former counsel, filed his motion to withdraw on March 5, 2021. ECF No. 59. During a status conference on March 17, 2021, Mr. Trzynka indicated that his views of this case differed from him clients and he could no longer represent them. *See* Scheduling Order on March 18, 2021, ECF No. 61. Mr. Trzynka requested time to file a motion for interim fees and to file a status report providing the Court with Petitioners' updated contact information. These were filed on April 19, 2021 and October 5, 2021 respectively. ECF Nos. 62, 65. Mr. Trzynka represented Petitioners for approximately two years and has incurred costs in the litigation of this case. *See* Second Fees App.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

#### B. Attorneys' Fees

Mr. Trzynka requests a total of $19,265.85 in attorneys' fees and South Dakota state service sales tax. *See* Second Fees App. at 1.

### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Trzynka requested to be compensated at a rate of $300.00 per hour for his work done in 2019-2021. *See generally* Second Fees App. Mr. Trzynka has been a licensed attorney since 2012. Trzynka Aff., ECF No. 63. Mr. Trzynka has been awarded this rate in the Program before. *See Dunatov v. Sec'y of Health & Hum. Servs.*, No. 18-1617V, 2021 WL 1661123 (Fed. Cl. Spec. Mstr. Mar. 25, 2021) (awarding his increased hourly rate from $250.00 to $300.00). Accordingly, I find Mr. Trzynka's requested rates to be reasonable and that no adjustment is warranted.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See*

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

*O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Mr. Trzynka has provided a breakdown of hours billed and costs incurred. ECF No. 63, Ex. A. I find Mr. Trzynka's hours to be reasonable and thus no reduction is necessary for Mr. Trzynka's requested fees.

Total attorneys' fees to be awarded: **$19,265.85.**

### C. Reasonable Costs

Mr. Trzynka requests a total of $6,146.25[4] in costs, which includes UPS shipping and expert consultation fees. Second Fees App. at 1.

#### 1. Petitioners' expert consultation

Mr. Trzynka requests a total of $6,112.50 for expert consultation costs. ECF No. 63, Exs. A, B. This includes $1,950.00 to Elite Medical Experts for finding an expert and $4,162.50 to Dr. Elissa Yozawitz. Dr. Yozawitz did not submit a report in this case but she is board certified in pediatric neurology and epilepsy. Dr. Yozawitz spent 9.25 hours in total, reviewing the medical records and conferring with Mr. Trzynka. See ECF No. 63, Ex. B.

Consultation with an expert is a common litigation cost of the Vaccine Program and is compensated unless there is a compelling reason not to*. See generally Dickson v. Sec'y of Health & Hum. Servs.*, No. 16-1370V, 2019 WL 451358 (Fed. Cl. Spec. Mstr. Jan. 11, 2019). Mr. Trzynka stated during the March 17, 2021 status conference that he had consulted experts to opine specifically on causation, one of which was Dr. Yozawitz, who reviewed the medical records and filings in this case and decline to file a report. The hours that Dr. Yozawitz spent reviewing the records in this case are reasonable and her hourly rate of $450.00 is also reasonable for someone who is board certified in pediatric neurology. As such, these costs are granted in full.

#### 2. Miscellaneous costs

Mr. Trzynka requests $33.75 for UPS shipping costs "to expert". *See* ECF No. 63, Ex. A. No documentation or receipt was submitted to validate this expense however, as this expense was documented on October 7, 2020, shortly after Mr. Trzynka's meeting with Dr. Yozawitz on October 1, 2020, I will grant this request. I warn Mr. Trzynka that he will not be compensated for undocumented costs in the future.

Total costs to be awarded: **$6,146.25**

### IV. Conclusion

---

[4] Mr. Trzynka's second fees application states his expenses total $6,112.50, however Mr. Trzynka's billing invoice includes a UPS postage expense of $33.75, which is included in the amount above.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT** Petitioners' application, as follows:

A sum in the amount of **$25,412.10**, in the form of a check jointly payable to Petitioners and Mr. Robert Trzynka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

A copy of this decision shall be sent to Petitioners by regular first-class mail to the following address:

Erik and Lisa Lindholm
22920 462nd Avenue
Wentworth, SD 57075

Another copy of this decision will also be sent to Petitioners' former counsel, Mr. Robert Trzynka by email to bobt@hovlandrasmus.com and regular first-class mail to the following address:

Robert D. Trzynka
Hovland, Rasmus, Brendtro & Trzynka, Prof. LLC
PO Box 2853
Sioux Falls, SD 57101

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.